**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5298-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAKEEM POPE,

    Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided March 10, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-02-0161.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

We previously remanded this matter to the trial court to conduct an evidentiary hearing on defendant's claim in his post-conviction relief (PCR) petition that he was denied the effective assistance of counsel; he claimed his trial attorney failed to adequately advise him, during the course of his 2009 trial, about his choice to either remain silent or testify. After hearing the testimony of the trial attorney and defendant, the judge determined that the trial attorney effectively advised defendant and denied relief. Because the judge's decision was based on fact findings to which we must defer, we affirm.

To put the matter in context, we briefly describe the prior proceedings. At trial, defendant was acquitted of first-degree murder but convicted of first-degree aggravated manslaughter and later sentenced to an eighteen-year NERA[1] prison term. Defendant appealed, we affirmed, State v. Pope, No. A-0883-10 (App. Div. 2012), and the Supreme Court denied defendant's petition for certification, 213 N.J. 397 (2013).

Defendant filed a timely PCR petition, alleging he was denied the effective assistance of counsel because his trial attorney advised him not to testify despite his fervent desire to do so. He also argued that his trial attorney should have called two witnesses whom defendant believes would have provided

---

[1] No Early Release Act, N.J.S.A. 2C:43-7.2.

A-5298-18

exculpatory evidence. The PCR judge denied the petition without affording defendant an evidentiary hearing.

Defendant appealed the denial of his PCR petition. We rejected his argument about the two witnesses but agreed defendant was entitled to an evidentiary hearing on his claim that his attorney failed to adequately advise him about the decision to testify or remain silent. State v. Pope, No. A-1835-14 (App. Div. Sept. 22, 2016) (slip op. at 3-5). We held that although there was no doubt the trial judge had explained to defendant that he had the right to either testify or remain silent, this did not mean defendant had enough information to make that choice. Ibid. For example, defendant argued in his PCR petition that his trial attorney

> did not explain to me the generalities regarding giving trial testimony, nor did counsel tell me what questions he would ask or even what topics trial counsel would cover if I did testify. Trial counsel also did not prepare me, I any way, for cross-examination.
>
> Because of trial counsel's lack of preparation, I felt that I was not being provided with the information that I needed to make intelligent and informed decision regarding my case, and in particular, whether or not I should testify on my own behalf during the trial. . . . I felt like I did not have any other choice but to do what counsel told me to, namely, not to testify at the trial on my own behalf.

We remanded for an evidentiary hearing so the PCR judge could determine whether there was truth to defendant's prima facie claim of ineffectiveness and

A-5298-18

whether that ineffectiveness, if proven, prejudiced defendant's choice between testifying or remaining silent. Id. at 5.

The PCR judge[2] heard the testimony of defendant and his trial attorney over the course of a three-day evidentiary hearing in early 2019. The trial attorney testified that he remembered discussing with defendant this choice of testifying or remaining silent. Although the attorney could not specifically recall what they said ten years earlier, he did remember that because defendant gave inculpating statements to a wired informant – that would likely be used against him during defendant's cross-examination if he chose to testify – it "didn't ever seriously appear [o]n the radar screen that [defendant] ever wanted to testify or that he would testify." The attorney further explained that he would never say a client could or could not to testify and he "would never . . . not [have] had a discussion with a client about the pros and cons of his testifying."

Defendant testified at the hearing that he told his attorney at an early pre-trial meeting that he wanted to testify, although he acknowledged he did not repeat this during later pre-trial meetings. In short, defendant's testimony was similar to what he alleged in his PCR petition quoted above.

---

[2] Prior to the hearing, defendant moved to disqualify the judge who had both presided over the trial and the first PCR proceeding. Because that judge had retired, the motion was dismissed as moot.

A-5298-18

The judge found defendant's trial attorney credible and that he had provided defendant with sufficient advice for defendant to choose between testifying or remaining silent. The judge did not find credible defendant's testimony that he had a "deep desire to testify" or his assertion that he was not provided with sufficient information to make the decision. The judge concluded that defendant was informed by the trial judge of his rights, that he was adequately counseled by his attorney in making that choice, and that defendant knowingly waived the right to testify. The judge also recognized the soundness of the decision not to testify because "defendant made two statements to an informant indicating that he shot the victim in this case."

Because they are grounded on testimony found credible, the judge's findings deserve our deference. State v. Nash, 212 N.J. 518, 540-41 (2013). We find no merit in defendant's sole argument in this appeal that the PCR judge erred in denying his ineffectiveness claim based on the adequacy of the advice about testifying at trial, and we affirm substantially for the reasons set forth by Judge Lisa Miralles Walsh in her written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5298-18

5